**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4080

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY LEE DANIELS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:23-cr-00051-BO-RN-1)

Submitted:  April 23, 2026                                Decided:  April 27, 2026

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan Dubois, Federal Public Defender, Jaclyn L. Tarlton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  W. Ellis Boyle, United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Lee Daniels pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court determined that Daniels had previously committed at least three violent felonies on different occasions, thus qualifying him for a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The court sentenced Daniels to 180 months' imprisonment, the mandatory minimum sentence under the ACCA. Daniels appeals, arguing that it was improper for the district court to decide whether his ACCA predicate offenses were committed on different occasions. In light of our decision in *United States v. Brown*, 136 F.4th 87 (4th Cir. 2025), we conclude that the district court erred, but that the error is harmless. We therefore affirm.

The ACCA enhancement applies if a defendant convicted of a § 922(g) offense "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). In *Erlinger v. United States*, the Supreme Court held that the facts relating to the different occasions question "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." 602 U.S. 821, 834 (2024). Thus, a district court errs by deciding the different occasions issue at sentencing. *Id.* at 838-39.

But so-called "*Erlinger* errors" are subject to harmless error review. *Brown*, 136 F.4th at 92-96. Where, as here, the defendant was convicted after pleading guilty, the government establishes that an *Erlinger* error is harmless by "show[ing] beyond a reasonable doubt that if . . . [the defendant] had been correctly advised at his plea hearing that he was entitled to have a jury resolve [the different occasions] issue unanimously and beyond a reasonable doubt, he would have nonetheless waived that right and admitted as

2

part of his guilty plea that his prior offenses were committed on different occasions." *Id.* at 97 (citation modified).

In concluding that the *Erlinger* error in *Brown* was harmless, we noted that "Brown chose to plead guilty to the firearm-possession offense *after* having been twice informed that ACCA's mandatory minimum of 15 years and its maximum of life would apply if the judge found its requirements satisfied." *Id.* at 98. And although Brown raised the different occasions issue at sentencing, he did not seek to withdraw his guilty plea. *Id.* Moreover, Brown did not contest the accuracy of his presentence report, even though the facts alleged therein provided the basis for the district court's different occasions finding. *Id.*

Our analysis in *Brown* leads us to conclude that the error in this case was similarly harmless. First, both in the indictment and at his arraignment, Daniels was informed of the possible ACCA enhancement. The indictment specifically alleged that Daniels committed at least three previous convictions for violent felonies, and that those offenses were committed on occasions different from one another, and at the guilty plea hearing, Daniels confirmed that he understood the different statutory ranges that would apply depending on the sentencing court's ACCA determination. Second, although he raised the different occasions issue at sentencing, Daniels did not seek to withdraw his plea. Thus, like in *Brown*, the district court's failure to advise Daniels "that he was entitled to have a jury, rather than a judge, determine whether his previous offenses had been committed on different occasions . . . apparently played no role in his guilty plea." *Id.* And third, Daniels did not dispute the accuracy of any of the information in his presentence report.

Finally, in *Brown*, we recognized an inverse relationship between the strength of the evidence supporting the ACCA enhancement and the likelihood that a defendant would

3

forgo the benefits of pleading guilty for the opportunity to have a jury decide the different occasions issue. *Id.* There, the evidence supporting Brown's ACCA enhancement was exceptionally strong. *Id.* Thus, "given that the possibility of a favorable verdict on the different occasions issue would have been so exceedingly remote as to be practically irrelevant, we [could not] fathom that Brown would have traded the benefit of pleading guilty for such long odds." *Id.* at 99.

So too here. When interpreting the ACCA, we apply the ordinary meaning of the word "occasion." *Wooden v. United States*, 595 U.S. 360, 366 (2022). Predicate offenses "have nearly always" been treated "as occurring on separate occasions if a person committed them a day or more apart, or at a significant distance." *Id.* at 370. In this case, each of Daniels's five ACCA predicates—four robberies and one attempted robbery—was perpetrated on different days, at different locations, and against different victims. Specifically, Daniels's predicate offenses spanned several months, occurring on April 19, May 12, June 5, June 28, and July 2, 2007. In our view, the evidence leaves "no doubt that [Daniels] would have pleaded guilty if . . . he had been informed that he was entitled to have a jury find [the different occasions] fact beyond a reasonable doubt." *Brown*, 136 F.4th at 99. We therefore conclude that the *Erlinger* error in this case is harmless.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*